Deborah M. Nelson, Esq. (State Bar No. 23087)
nelson@nelsonboydlaw.com
Jeffrey D. Boyd, Esq. (State Bar No. 41620)
boyd@nelsonboydlaw.com
NELSON BOYD, PPLC
411 University Street, Suite 1200
Seattle, WA 98101
Telephone: (206) 971-7601

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

| | |
|---|---|
| KYLE PARRISH, | Case No. |
| Plaintiff, | |
| v. | |
| BOYNE USA, INC., | Filed Electronically |
| Defendant. | |

**COMPLAINT FOR PERMANENT INJUNCTION REQUIRING CHANGES TO CORPORATE POLICIES, PRACTICES AND PROCEDURES, THE ELIMINATION OF DIGITAL ACCESS BARRIERS PURSUANT TO 42 U.S.C. § 12188(a)(2), PURGING OF DATA, AND DECLARATORY RELIEF**

Kyle Parrish, ("Plaintiff") seeks a permanent injunction requiring a change in Boyne USA, Inc. ("Defendant" or the "Company") corporate polices to cause Defendant's websites to become, and remain, accessible and in support thereof asserts as follows:

**INTRODUCTION**

1. Plaintiff Kyle Parrish brings this action against Defendant and asserts that its websites are not accessible to blind and visually impaired consumers in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"). Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices and procedures regarding its Internet-based technologies so that Defendant's websites will become, and will remain, accessible. The websites at issue include, but are not limited to, the following: www.boyneresorts.com; www.crystalmountainresort.com; www.cypressmountain.com; www.summitatsnoqualmie.com; www.bigskyresort.com; www.brightonresort.com; www.innatbayharbor.com; www.sugarloaf.com; www.sundayriver.com; www.loonmtn.com; and, www.gatlinburgskylift.com (the "Websites").

2. While the pervasiveness of digital information presents an unprecedented opportunity to increase access to goods and services for people with perceptual or motor disabilities, website developers and web content developers often implement digital technologies without regard to whether those technologies can be accessed by individuals with disabilities. This is notwithstanding the fact that accessible technology is both readily available and cost effective.

3. Blind and visually impaired consumers must use screen reading software or other assistive technologies in order to access website content. Defendant's Websites contain digital barriers which limit the ability of blind and visually impaired consumers to access the site.

4. Plaintiff has patronized Defendant's Websites in the past, and intends to continue to patronize Defendant's Websites. However, unless Defendant is required to

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206.971.7601

eliminate the access barriers at issue, and required to change its policies, practices, and procedures so that access barriers do not reoccur on Defendant's Websites, Plaintiff will continue to be denied full access to the Websites as described, and will be deterred from fully using Defendant's Websites.

5. The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities…Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . .

42 U.S.C. § 12188(a)(2).

6. Because Defendant's Websites have never been accessible and because Defendant does not have, and has never had, a corporate policy that is reasonably calculated to cause its Websites to become, and remain, accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring:

    a) that Defendant retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its Websites so that they comply with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0 AA");

    b) that Defendant work with the Mutually Agreed Upon Consultant to ensure that all employees involved in website development and content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

    c) that Defendant work with the Mutually Agreed Upon Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's Websites continue to comply with WCAG 2.0 AA on an ongoing basis;

    d) that Defendant work with the Mutually Agreed Upon Consultant to perform end-user accessibility/usability testing on a periodic basis with said testing to be

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206.971.7601

performed by individuals with various disabilities to evaluate whether Defendant's Websites continue to comply with WCAG 2.0 AA on an ongoing basis; and,

e) that Defendant work with the Mutually Agreed Upon Consultant to create an accessibility policy that will be posted on its Websites, along with an e-mail address and toll free phone number to report accessibility-related problems.[1]

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

8. This Court has supplemental jurisdiction over the state laws claims asserted herein pursuant to 28 U.S.C. § 1367(a).

9. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

10. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

11. Plaintiff, Kyle Parrish, is and, at all times relevant hereto, has been a resident of the State of Washington, residing within this judicial district. Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the

---

[1] Web-based technologies have features and content that are modified on a daily, and in some instances an hourly, basis, and a one time "fix" to an inaccessible website will not cause the website to remain accessible without a corresponding change in corporate policies related to those web-based technologies. To evaluate whether an inaccessible website has been rendered accessible, and whether corporate policies related to web-based technologies have been changed in a meaningful manner that will cause the website to remain accessible, the website must be reviewed on periodic basis using both automated accessibility screening tools and end user testing by disabled individuals.

COMPLAINT - 4

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206.971.7601

ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

12. Defendant Boyne USA, Inc. is headquartered at 3951 Charlevoix Avenue, Petoskey, Michigan 49770. Defendant owns, operates and maintains brick and mortar resorts across the United States, including within the State of Washington. Defendant's resorts offer goods and services to the public. Defendant also offers goods and services to the public through its Websites. Defendant's brick and mortar locations and Websites are integrated and are public accommodations pursuant to 42 U.S.C. § 12181(7).

## FACTUAL BACKGROUND

13. The Internet has become a significant source of information and a means for conducting everyday activities such as shopping, banking, etc. for both sighted and blind and visually-impaired persons, as well as individuals with other perceptual or motor disabilities.

14. Blind individuals may access websites by using keyboards in conjunction with screen reader software that converts text to audio. Screen reader software provides the primary method by which a blind person may independently use the Internet. Unless websites are designed to be read by screen reader software, blind individuals are unable to fully access websites and the information, products and services available through the sites.

15. The international website standards organization, W3C, has published WCAG 2.0 AA. WCAG 2.0 AA provides widely accepted guidelines for making websites accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice and numerous federal courts.

16. Through its Websites, Defendant offers users the ability to make lodging reservations, view and research resort and lodging accommodations, view current weather/ski conditions, research resort amenities, sign up for email lists and perform a variety of other functions.

17. Plaintiff is permanently blind and uses screen reader software in order to access the Internet and read website content.

18. Despite several attempts to use and navigate the Websites, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services available on the Websites as a result of access barriers on the site.

19. The barriers at the Websites have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff from attempting to use Defendant's website.

20. The access barriers at the Websites include, but are not limited to, the following:

a) Text equivalent is not provided for every non-text element;

b) When the content enforces a time limit, the user is not able to extend, adjust or disable it (unless the time limit is part of real time activity or would invalidate the activity);

c) Changing the setting of a user interface component may automatically cause a change of context of which the user has not been informed before using the component;

d) Labels or instructions are not provided when content requires user input;

e) Information about the meaning and structure of the website's content is not conveyed by more than the visual presentation of content;

f) All pages are not readable and functional when the text size is doubled;

g) Web pages do not have titles that describe topic or purpose;

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206.971.7601

     h) The purpose of each link cannot be determined from the link text alone or from the link text and its context; and,

     i) For all user interface components, the name and role cannot be programmatically determined; states, properties and values that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technologies.

21. If the Websites were accessible, Plaintiff could independently shop for and research products via Defendant's Websites.

22. Though Defendant has centralized policies regarding the maintenance and operation of its Websites, Defendant has never had a plan or policy that is reasonably calculated to make its Websites fully accessible to, and independently usable by, blind people, and Defendant has not implemented practices that are that are reasonably calculated to make its Websites fully accessible to, and independently usable by, blind people.

23. Without injunctive relief, Plaintiff and other blind individuals will continue to be unable to independently use the Websites in violation of their rights under the ADA.

## **SUBSTANTIVE VIOLATIONS**

### **FIRST CLAIM FOR RELIEF**
### **(Title III of the ADA, 42 U.S.C. § 12181 *et seq.*)**

24. The allegations contained in the previous paragraphs are incorporated by reference.

25. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206.971.7601

26. Defendant's brick and mortar locations and integrated Websites are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

27. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

28. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. §12182(b)(1)(A)(ii).

29. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); *see also* 28 C.F.R. § 36.303(a).

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206.971.7601

30. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including "…accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b).

31. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is blind and has a disability that substantially limited the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), has been denied full and equal access to Defendant's Websites. He has not been provided services that are provided to other patrons who are not disabled, and/or has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

32. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Disability Discrimination Under RCW 49.60.030(1)(b))**

33. The allegations contained in the previous paragraphs are incorporated by reference.

34. The Washington statute entitled "Freedom from discrimination — Declaration of civil rights" provides for the right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement.

Nelson Boyd, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206.971.7601

35. The conduct alleged in Plaintiff's First Claim for Relief, above, likewise constitutes disability discrimination under Washington law, entitling Plaintiff to the relief requested below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment pursuant to 28 U.S.C. § 2201 and RCW 7.24 that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Websites are fully accessible to, and independently usable by, blind individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to bring its Websites into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its Websites are fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law—the specific injunctive relief requested by Plaintiff is described more fully above;

c. Payment of costs of suit;

d. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

DATED: This _____ day of April, 2016

By: *s/Deborah M. Nelson*
**DEBORAH M. NELSON, WSBA #23087**
nelson@nelsonboydlaw.com

By: *s/Jeffrey D. Boyd*
**JEFFREY D. BOYD, WSBA #41620**
boyd@nelsonboydlaw.com

COMPLAINT - 10

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206.971.7601

NELSON BOYD, PLLC
411 University Street, Ste 1200
Seattle, WA 98010
(206) 971-7601

*Attorneys for Plaintiffs*

**OF COUNSEL:**

**BENJAMIN J. SWEET. ESQ.**
bsweet@carlsonlynch.com
**STEPHANIE K. GOLDIN, ESQ.**
sgoldin@carlsonlynch.com
CARLSON LYNCH SWEET & KILPELA
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 253-6314